# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gary L. Kretchmar,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.  11-1181 (JDB)** |
| **Federal Bureau of Investigation,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, plaintiff challenges the Federal  Bureau of Investigation's ("FBI") release of redacted

records and its search for responsive records.[1]  Pending before the Court are defendant's motion

for summary judgment under Rule 56 of the Federal Rules of Civil Procedure [Dkt. # 10] and

plaintiff's cross motion for summary judgment [Dkt. # 11].  Upon consideration of the parties'

submissions and the entire record, the Court will grant defendant's motion, deny plaintiff's

motion, and enter judgment accordingly.

## I.  BACKGROUND

Plaintiff is a Pennsylvania state prisoner serving a life sentence for first-degree murder.

Compl. [Dkt. # 1] ¶ 1; *see generally Commonwealth v. Kretchmar*, 971 A.2d 1249 (Pa. Super.

---

[1] On November 8, 2011, plaintiff amended the original complaint to include a claim
under the Privacy Act, 5 U.S.C. § 552a [Dkt. # 24], but he subsequently acknowledged that he
should exhaust his administrative remedies prior to obtaining judicial review of that claim.  Pl.'s
Opp'n to Def.'s Mot. to Dismiss or in the Alternative for Summ. J. [Dkt. # 38].  Hence, the Court
will treat plaintiff's amended complaint brought under the Privacy Act as withdrawn and will
deny as moot Def.'s Mot. to Dismiss or in the Alternative for Summ. J. [Dkt. # 28] filed in
response to the amended complaint.

2009).  "The victim suffered three gunshot wounds.  Ballistics tests revealed that a .22 caliber firearm was used to inflict the wounds."  *Kretchmar*, 971 A.2d at 1250.  During plaintiff's trial in November 1988, two FBI lab examiners testified for the Commonwealth "about evidentiary conclusions drawn from firearms identification analysis" and "from the forensic scientific technique of Neutron Activation Analysis . . . , also known as, Comparative Bullet Lead Analysis (CBLA)."  Compl. ¶¶ 8-10; *see Kretchmar*, 971 A.2d at 1251-52.

In 2004, a study published by the National Research Council of the National Academies ("NAS") "assessed the reliability of the science of CBLA and its usefulness as a forensic evidentiary tool and [] raise[d] questions as to the usefulness of CBLA evidence."  *Kretchmar,* 971 A.2d at 1252.  "At about the same time, a former chief metallurgist for the FBI . . . offered public criticism of CBLA [and] CBLA soon came under attack in a post-conviction context . . . ."  *Id*. at 1252-53 (citation omitted).  "It appears that sometime after the NAS issued its report, the FBI discontinued CBLA."  *Id*. at 1254.

In the instant action, plaintiff alleges that on November 16, 2007, the FBI issued a public statement acknowledging "that it made mistakes in handling bullet lead testimony . . . .," and, on November 18, 2007, announced that it would "release all bullet-lead files involving convictions."  Compl. ¶¶ 11-12 (quoting "60 Minutes" and The Washington Post).  *But see Kretchmar*, 971 A.2d at 1254 n.10 (disputing in plaintiff's post-conviction action "that the [FBI's] press release [states] that the FBI had made mistakes in handling bullet lead testimony").  As a result of the FBI's announcement, plaintiff submitted a FOIA request on November 28, 2007, to FBI Headquarters "seeking release of his bullet-lead case file."  Compl. ¶ 13.  He received responsive records on October 31, 2008.  *Id*. ¶ 16. On November 5, 2008, plaintiff submitted a FOIA

request to the FBI "seeking release of an April 15, 1997 Office of Inspector General Report" on

the findings "Critical of Forensic Work Performed by Certain Lab Examiners."  *Id*. ¶ 17.

Plaintiff received the report in May 2009.  *Id*. ¶ 19.

By letter of January 25, 2010, plaintiff requested from the Executive Office for United

States Attorneys ("EOUSA") records pertaining to the "FBI/DOJ review of the . . . CBLA

testimony provided" at his criminal trial and records "contain[ing] any legal issues and/or legal

conclusions that have been identified by the FBI/DOJ review of the . . . CBLA testimony . . . ."

Decl. of David M. Hardy ("Hardy Decl.") [Dkt. # 10-3], Ex. A [Dkt. # 10-5].  Plaintiff also

requested any such records that were sent to the District Attorney's Office of Bucks County,

Pennsylvania, and the Bensalem, Pennsylvania, Police Department.  *Id*.  In August 2010, EOUSA

informed plaintiff that it had referred his request to the FBI, which informed plaintiff by letter of

December 8, 2010, that a search of its records showed that the requested records were previously

released to plaintiff in response to his request dated November 28, 2007.  *Id*., Ex. D.

Plaintiff unsuccessfully appealed the FBI's determination to the Department of Justice's

Office of Information Privacy ("OIP").  *Id*., Exs. E, G.  Following OIP's decision dated April 7,

2011, plaintiff filed this lawsuit on June 28, 2011, "seeking the complete production of agency

records from the DOJ's [July 2009] review of the bullet-lead analysis testimony at [his] 1988

state court trial[,]" Compl. ¶ 5, "which was conducted after the October 28, 2008 FOIA release of

plaintiff's bullet-lead case file."  *Id.* ¶ 32.  On September 13, 2011 – the same date of plaintiff's

motion for summary judgment – the FBI released to plaintiff a total of 110 responsive pages,

consisting of "a copy of the FBI Laboratory's July 17, 2009 letter as well as the three reviewers'

work papers which includes copies of the transcript from plaintiff's state criminal trial used to

review the FBI witness' CBLA testimony at plaintiff's criminal trial." Hardy Decl. ¶ 21. The

FBI redacted third-party information from seven of those pages pursuant to FOIA exemptions 6

and 7(C). *Id.* ¶ 23 & Ex. H (*Vaughn* index).

## II.  LEGAL STANDARD

Summary judgment is appropriate when the pleadings and the evidence demonstrate that

"there is no genuine issue as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial

responsibility of demonstrating the absence of a genuine dispute of material fact. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may successfully support its

motion by "citing to particular parts of materials in the record, including . . . documents,

electronically stored information, affidavits or declarations . . . admissions . . . or other materials"

that it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c);

*see also Celotex*, 477 U.S. at 323.

The FOIA requires federal agencies to release all records responsive to a proper request

except those protected from disclosure by any of nine enumerated exemptions set forth at 5

U.S.C. § 552(b). The disclosure requirement generally covers only those records that are in the

agency's  custody and control at the time of the FOIA request. *McGehee v. Central Intelligence*

*Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). A district court is authorized "to enjoin [a

federal] agency from withholding agency records and to order the production of any agency

records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *Kissinger v.*

*Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation marks omitted); *accord Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000). The district court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973). Agency declarations are accorded "a presumption of good faith . . .," *Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006) (citation and quotation omitted), and to rebut them plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981).

## III. DISCUSSION

### 1. Claimed Exemptions

Invoking FOIA exemption 6 in conjunction with exemption 7(C), the FBI redacted the names of FBI Laboratory personnel "responsible for conducting a review of bullet lead laboratory results that were used in the state criminal prosecution of plaintiff." Hardy Decl. ¶ 32. Hardy states that lab personnel assignments "are not by choice" and publicity surrounding an investigation "may seriously prejudice [the employees'] effectiveness in conducting other investigations." *Id*. As to the privacy interests at stake, Hardy states that lab personnel could be

subjected to "unofficial questioning as to the conduct of this or other investigations" and to harassment by targets of the investigation. *Id*. Hardy further states that "[t]he FBI could identify no discernible public interest in disclosure . . . because . . . the names of FBI Laboratory personnel would not shed light on [the agency's] operations and activities . . . ." *Id*.

Since the requested records were compiled during the course of a criminal investigation resulting in plaintiff's prosecution and conviction, Hardy Decl. ¶¶ 27-28; *Kretchmar*, 971 A.2d at 1250, the Court will discuss the FBI's justification for redacting information under FOIA exemption 7(C).[2] *See Blackwell v. Fed. Bureau of Investigation*, 646 F.3d 37, 40 (D.C. Cir. 2011) ("To show that the disputed documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties . . . .") (internal quotation marks and citations omitted).

Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that" disclosure of such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see Roberts v. FBI*, No. 11-0575, --- F. Supp. 2d ----, 2012 WL 604178 *4-5 (D.D.C. Feb. 24, 2012) (discussing same). Third-party identifying information contained in law enforcement records is categorically exempt from disclosure absent the existence of an overriding public interest. *Nation Magazine v.*

_____

[2] Plaintiff disputes that the "Bullet Lead Transcript Review" created in July 2009 is a law enforcement record because it "was a DOJ/FBI agency proceeding and the decisionmaking process did not fall within the [FBI's] law enforcement duties . . . ." Pl.'s Answer to Def.'s Mot. for Summ. J. ¶ 16. The fact that the FBI utilized information obtained from a criminal investigation for another purpose does not alter the reason the information was compiled in the first place. Even if exemption 7 is inapplicable, the Court finds that defendant has properly justified withholding the same information under exemption 6, which protects third-party information if its disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see* Hardy Decl. ¶¶ 29-32.

*United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995); *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (the privacy interests of third parties mentioned in law enforcement records are "substantial"); *Roberts*, 2012 WL 604178 at \*5 (summarizing cases).

   An overriding public interest warranting disclosure of exempt material is established only upon a showing that the withheld information is necessary to confirm or refute "compelling evidence that the agency denying the FOIA request is engaged in illegal activity." *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (citations omitted).  "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  In making such a showing, a plaintiff must assert "more than a bare suspicion" of official misconduct.  *Id*. at 174.  He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  *Id*.  Otherwise, the balancing requirement does not come into play.  *See id*. at 175.

   Plaintiff "denies and contests Defendant's claim that three FBI Laboratory Reviewer's work papers, Bates-Stamped . . . 3 . . . 39 . . . and 75 fall within" exemptions 6 or 7(C).  Pl.'s Answer to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") ¶ 3.  He surmises that "the redacted portions of the 'flow chart' do not appear to contain any personal information [but rather] appear to be concluding questions and/or answers that are part of the bullet-lead transcript review process, which is devoid of any personal privacy component," *id*. ¶ 11, and he requests that the Court

7

review those pages in camera.  *Id*. ¶ 17.  According to Hardy, however, "[t]he FBI has carefully examined the responsive documents and has determined that the [withheld] information . . ., if disclosed, could cause unwarranted and clearly unwarranted invasion of the personal privacy interests of third parties.  Accordingly, all reasonably segregable, non-exempt information has been released to the plaintiff . . . ."  Hardy Decl. ¶ 33.

Plaintiff's speculation about the redacted portions fails to create a genuine dispute of material fact or to rebut the presumption of good faith accorded the Hardy declaration.  Furthermore, plaintiff has not asserted that an overriding public interest warrants disclosure of the otherwise protected information.  And his request for in camera review is rejected both as unwarranted on the record and as disfavored under this circuit's precedent.  *See, e.g., Hayden v. N.S.A.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  Hence, the Court concludes that defendant is entitled to  judgment on its application of exemptions 6 and 7(C) to the redacted material.

2.  Adequacy of the Search

Although plaintiff alleged in his complaint that defendant failed to conduct an adequate search for records responsive to his January 25, 2010, request, Compl. ¶ 5, he has not disputed defendant's evidence of an adequate search that subsequently produced the 110 pages released during this litigation.  *See* Hardy Decl. ¶¶ 12-21; *cf. generally* Pl.'s Opp'n.  Hence, the Court concludes that defendant is entitled to judgment on the search question.

3.  Plaintiff's Request for Costs

Plaintiff asserts that "due to the FBI's voluntary change in position with the release of (110) pages of records as a part of this litigation, the Plaintiff has substantially prevailed" and is entitled to recover his costs.  Pl.'s Opp'n ¶ 20.  Section 552(a)(4)(E) of the FOIA states that a

court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). *Pro se* parties are not entitled to attorney's fees but may recover their litigation costs. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259-60 (D.C. Cir. 1993).

 In considering whether to award costs under the FOIA, a court must first determine plaintiff's eligibility for such an award and then his entitlement to the requested costs. *See United Amer. Financial, Inc. v. Potter*, 770 F. Supp. 2d 252, 254-55 (D.D.C. 2011) (citing *Weisberg v. U.S. Dep't of Justice*, 848 F.2d 1265, 1268 (D.C. Cir. 1988); *Burka v. U.S. Dep't of Health & Human Serv.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998)). Whether to award costs is left to the court's discretion. *Barnard v. Dep't of Homeland Sec.*, 656 F. Supp. 2d 91, 98 (D.D.C. 2009) (citation omitted).

 Plaintiffs are considered eligible for costs if they can show that they substantially prevailed in the litigation. *See* 5 U.S.C. § 552(a)(4)(E)(ii). A plaintiff "substantially prevails" when he obtains relief either through "(1) a judicial order or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I)-(II). A plaintiff is considered to have "substantially prevailed" if the litigation "substantially caused the requested records to be released." *N.Y.C. Apparel F.Z.E. v. U.S. Customs & Border Prot. Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (internal citations omitted).

 Once a plaintiff has been deemed eligible for costs under FOIA, the court must then consider the following four factors in determining his entitlement: (1) the public benefit derived

from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest

in the records; and (4) whether the government has a reasonable basis for withholding the

requested information.  *United Amer. Financial, Inc. v. Potter*, 770 F. Supp. 2d at 255 (citing

*Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995)).  The second and third factors "are

closely related and often considered together. . . . When a litigant seeks disclosure for a

commercial benefit or other personal reasons, an award of fees is usually inappropriate." *Cotton,*

63 F.3d at 1120 (citation and internal quotation marks omitted).

Section 552(a)(4)(E) does not operate to award costs to every successful litigant, but

instead seeks "to remove the incentive for administrative resistance to disclosure requests based

not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not

have the financial resources or economic incentives to pursue their requests through expensive

litigation." *United Amer. Financial, Inc.*, 70 F. Supp. 2d at 255 (quoting *Nationwide Bldg.*

*Maint., Inc. v. Sampson*, 559 F.2d 704, 711 (D.C. Cir. 1977)).  Hence, no one factor should be

given "dispositive weight" and courts are encouraged to "search out and consider other factors

that may be relevant to whether [costs] should be awarded to a successful FOIA plaintiff." *Id*.

(quoting *Nationwide Bldg. Maint., Inc.*, 559 F.2d at 714).  Upon viewing all the relevant

evidence and materials, "if the balance of [the] four factors favors the Government, then the

claim for [costs] is insubstantial." *Id*. (quoting *Poett v. U.S. Dep't. of Justice*, No. 08-0622, 2010

WL 3892249, *5, 2010 U.S. Dist. LEXIS 104900, *13 (D.D.C. Sept. 30, 2010)).  However, "the

court will not assess fees when the agency has demonstrated that it had a lawful right to withhold

disclosure." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008).  If the government's position

"is correct as a matter of law, that will be dispositive." *Id*. at 1162 (citation and internal

quotation marks omitted).  If not, the Court must weigh the government's position "founded on a colorable basis in law . . . along with other relevant considerations in the entitlement calculus." *Id*. (citation and internal quotation marks omitted).

Defendant only disputes plaintiff's entitlement to the requested costs.  *See* Def.'s Combined Mem. in Opp'n to Pl.'s Mot. for Summ. J. and Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. [Dkt. # 14] at 6-8.  The Court concludes, however, that plaintiff is neither eligible for nor entitled to costs because the balance of the foregoing factors overwhelmingly favors the government.

A.  <u>The Government's Basis for Withholding Records</u>

The Court will first address the fourth factor to explain why the government's position is not dispositive.  In his administrative appeal from the FBI's determination, plaintiff specified – as he does in the complaint – that "the documents that are the subject of this instant FOIPA request would have been generated after the October 28, 2008 FOIPA document release."  Hardy Decl., Ex. E (Pl.'s Appeal ¶ 10).  But OIP ignored plaintiff's clarification of the request, parroted the FBI's interpretation of the request as seeking "access to various records pertaining to comparative bullet lead analysis related to your state criminal case," and affirmed the FBI's determination that it had "locate[d] no additional records" to those previously released.  *Id*., Ex. G.  Since OIP failed to appreciate plaintiff's clarification that he was requesting records generated beyond his criminal trial, the Court cannot find that defendant's initial position was correct as a matter of law.

B.  <u>Weighing the Factors</u>

"Essentially, the first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes [favoring an award] and those who seek

11

documents for private advantage." *Davy*, 550 F.3d at 1160.  From all indications in the record,

plaintiff requested the information for his personal benefit.  "The fourth factor considers whether

the agency's opposition to disclosure had a reasonable basis in law . . . and whether the agency

had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate

behavior." *Id*. at 1162 (citations and internal quotation marks omitted).  The Court does not find

defendant's misreading of the overly descriptive request to be the type of "administrative

resistance to disclosure" that the FOIA's fee-shifting statute is designed to discourage, and "[t]he

touchstone of a court's discretionary decision under section 552(a)(4)(E) must be whether an

award . . . is necessary to implement the FOIA." *Davy*, 550 F.3d at 1159.

        The Court concludes that plaintiff's claim should not succeed because: (1) the requested

records pertain only to plaintiff; (2) plaintiff has not even asserted, let alone shown, how the

public would benefit from this case; (3) the government's initial position was at most the result

of a careless review of plaintiff's FOIA request at the administrative level; and (4) the

government's subsequent release of responsive records came reasonably soon after the filing of

the instant complaint and without a court order.  Hence, plaintiff's request for costs will be

denied.

**CONCLUSION**

        For the foregoing reasons, the Court concludes that defendant has satisfied its disclosure

obligations under the FOIA and is entitled to judgment as a matter of law.  Hence, the Court will

deny plaintiff's cross motion for summary judgment and his request for costs.  A separate Order

accompanies this Memorandum Opinion.

s/
_____
JOHN D. BATES
United States District Judge

Dated: July 25, 2012

12
